NOT DESIGNATED FOR PUBLICATION

No. 121,946

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL S. BULL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed May 8, 2020. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Michael Bull appeals the district court's decision to revoke his probation and order that he serve his underlying sentences on his convictions for aggravated battery, theft, and assault. Bull argues on appeal that the district court should have given him another chance on probation. But the court had ordered a short jail stay followed by a return to probation (called an intermediate sanction) for a prior violation; the court wasn't required to give him another chance on probation. Bull also had committed a new offense while on probation, so the court had discretion to revoke Bull's probation even if it hadn't imposed the intermediate sanction before.

Bull pleaded guilty in late 2018 to theft and aggravated battery, both felonies, and two counts of misdemeanor assault. Under our state's sentencing guidelines for felony

cases, there's a presumptive sentence based on the severity of the offense and the defendant's criminal record. The court imposed sentences within the presumptive range for both of Bull's felonies: 24 months of probation with an underlying 25-month prison sentence for the aggravated battery offense and 24 months of probation with an underlying 5-month prison term for the theft offense. For each of the misdemeanor assaults, the court gave Bull probation with an underlying 30-day jail sentence. Bull would only have to serve his underlying prison and jail sentences if he couldn't successfully complete probation. And the court made all his sentences concurrent, meaning that he would serve them at the same time, so his total underlying sentence was 25 months in prison.

A month after sentencing, Bull violated his probation. The State alleged—and Bull did not contest—that he had committed new crimes by possession of stolen property, illegal drugs, and drug paraphernalia. The district court imposed a three-day jail sanction and put Bull back on probation.

Then several months later in July 2019, Bull committed another crime, criminal trespassing. At a hearing to address whether Bull had violated the terms of his probation, he admitted the criminal trespass as well as several other probation violations (including possession of a crowbar and an attempted break-in). This time, the court decided to revoke Bull's probation.

Bell has appealed, arguing that the court should have given him another chance on probation. He notes that he told the court that he had serious health issues and suggests that keeping him on probation—and out of prison—would have been better for his health and medical care. Under these circumstances, he argues that the district court abused its discretion by revoking probation and sending him to prison.

Our sole task on appeal is to determine whether the district court abused its discretion. Traditionally, the district court has had broad discretion in deciding to revoke probation and impose the underlying sentence when a defendant violates probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2010). Under the statutes in effect when Bell was on probation, that discretion was limited by K.S.A. 2019 Supp. 22-3716(c). In most cases, that statute required that the court first have imposed a two- or three-day jail sanction for a probation violation before it could revoke probation in the event of additional violations. K.S.A. 2019 Supp. 22-3716(c)(1)(A)-(C). But the statute had an exception, though, if the defendant had committed a new crime while on probation; in that case, the court had the discretion to revoke probation without first imposing the jail sanction. K.S.A. 2019 Supp. 22-3716(c)(7)(C). That exception applied to Bull; he had admitted, for the purposes of the probation-violation hearing, that he had committed a criminal trespass.

Having established that the district court had the discretion to revoke probation and impose the underlying sentence, we now ask whether it abused that discretion. Unless the court based its decision on a factual or legal error (which is not claimed here), we reverse only if no reasonable person would agree with the district court's decision. See *State v. Brown*, 51 Kan. App. 2d 876, Syl. ¶ 4, 357 P.3d 296 (2015). We find nothing unreasonable here. The district court had given Bull a second chance on probation when it could have revoked probation the first time Bull committed a new crime while on probation. Then Bull committed another crime (and violated his probation in several other ways). Given that, a reasonable person could conclude that Bull would continue to violate the law if he continued on probation; so the district court didn't abuse its discretion when it revoked Bull's probation and imposed his underlying 25-month prison sentence.

Bull also claims that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it used his prior

convictions to determine his criminal-history score. Bull argues that this increased his underlying sentence without requiring the State to prove the past convictions to a jury beyond a reasonable doubt. *Apprendi* held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be proved beyond a reasonable doubt to a jury. 530 U.S. at 490.

But Bull didn't appeal his underlying sentence within 14 days as required by K.S.A. 2019 Supp. 22-3608(c). See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal timely only as to probation revocation and not as to original sentence). A court can correct an illegal sentence while a defendant is serving that sentence. See K.S.A. 2019 Supp. 22-3504(a). But a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of the illegal-sentence statute, so Bull had only 14 days to appeal his sentence. See K.S.A. 2019 Supp. 22-3504(c)(1) (defining an illegal sentence as a sentence that is imposed without jurisdiction, is ambiguous, or doesn't conform to the relevant statute). We therefore have no jurisdiction to consider this claim. Even if we did, the Kansas Supreme Court has already considered this issue and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002).

On Bull's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Bull's probation.

We affirm the district court's judgment, and we dismiss Bull's claim that his sentence violated the *Apprendi* rule.